IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JAMES NICOLAS FREEMAN, FF-3964     )
        Petitioner,                      )
                                    )
          v.                     )  2:12-cv-155
                                      )
JOHN W. KERESTES et al.,          )
        Respondents.               )


REPORT and RECOMMENDATION


I. Recommendation:

It is respectfully recommended that the petition of James Nicolas Freeman for a writ of

habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for

appeal exists, that a certificate of appealability be denied.


II. Report:

James Nicolas Freeman an inmate at the State Correctional Institution – Mahanoy has

presented a petition for a writ of habeas corpus. Freeman is presently serving a fifteen to thirty

month sentence to be served consecutively to any sentence he was serving following his

conviction by a jury of indecent assault on a person less than 13 years of at No. CP-02-CR-

12814-2005 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence

was imposed on April 13, 2006.[1]

An appeal was taken to the Superior Court in which the questions presented were:

I. The Evidence is insufficient to sustain the conviction of corruption of minors
when the Commonwealth failed to establish a necessary element of the crime, that
the defendant was over the age of 18 at the time the crime was committed.

II. The court erred when it failed to grant a mistrial when the defendant objected
to being in front of the jury in his prison jumpsuit.[2]

---

[1] See: Petition at ¶¶1-6 as corrected by the answer of the Commonwealth. The petitioner was also convicted of three counts of corruption of a minor but that portion of the conviction was reversed on appeal to the Superior Court. The sentence challenged here is to be served consecutively to a six to twelve year sentence imposed upon a plea of guilty to a change of voluntary manslaughter which commended on July 19, 2002. (Answer at p.11).
[2] See: Answer at pp. 51, 54. All references to the answer are to the "Bates" numbered pages of the Appendix.

On August 4, 2008, the Superior Court affirmed the judgment of conviction on the one count of indecent assault and reversed the conviction of three counts of corruption of minors.[3]

On December 27, 2008, Freeman filed a post-conviction petition. On September 2, 2009, post-conviction relief was denied and an appeal to the Superior Court was pursued in which the questions presented were:

> I.Did the trial court err in denying appellant's PCRA petition without a hearing since trial counsel was ineffective for failing to timely object to appellant wearing a prison jumpsuit during the entire jury trial, causing the issue to be waived on direct appeal?
>
> II. Did the trial court err in denying appellant's PCRA petition without a hearing since the trial court erred in failing to grant a mistrial sua sponte due to manifest necessity after appellant objected to wearing a prison jumpsuit during the entire jury trial, and appellate counsel was ineffective for failing to raise this claim on direct appeal?
>
> III. Did the trial court err in denying appellant's PCRA petition without a hearing since trial counsel was ineffective for picking a jury without appellant present since appellant never refused to come to jury selection?
>
> IV. Did the trial court err in denying appellant's PCRA petition without a hearing since trial counsel was ineffective for, and the trial court erred, in failing to inform appellant that he could have represented himself since if he had that option he would have availed himself of same? Moreover, was appellate counsel ineffective for failing to raise this claim?
>
> V. Did the trial court err in denying appellant's PCRA petition without a hearing since trial counsel was ineffective for failing to request a judgment of acquittal or raise a sufficiency of the evidence or weight of the evidence claim regarding the indecent assault conviction since the alleged crimes occurred between May-July 27, 2000, appellant didn't turn 18 until 7/9/00, and there was no evidence to prove that the alleged crime occurred between 7/9/00 and 7/27/00 (the 18 day relevant time period when appellant could be considered an adult and convicted in criminal court)? Was appellant counsel ineffective for failing to raise the sufficiency of the evidence claim on appeal?[4]

On October 26, 2010, the denial of post-conviction relief was affirmed.[5]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed raising these same issues[6] and on April 26, 2011 leave to appeal was denied.[7]

---

[3] Id. at pp.112-121.
[4] Id. at pp.228-229.
[5] Id. at pp.292-302.

The factual background to this prosecution is set forth in the August 4, 2008

Memorandum of the Superior Court:

> Freeman was born on July 9, 1982. Between May 2000 and July 27, 2000,
> Freeman lived in a home at 1334 Halsay Place in the City of Pittsburgh. Yvanne
> Murray ("Murray") and her three minor daughters, Nata.F. (d/o/b/ 9/16/92),
> Nata.F. (d.o.b. 7/20/93) and Nati.F. (d/o/b/5/7/94), among others, lived in the
> home. Freeman's mother, Linda Freeman, also lived in the home and moved out
> at the same time as Freeman. During his time in the home, Freeman babysat [for]
> the children.
>
> Sometime in 2005, the three girls, Nata.F., Nate.F., and Nati.F., told their mother,
> Murray, that Freeman had inappropriately touched them while he was living in
> their home. The three girls stated that when Freeman was alone with the children,
> he would take the girls in a bedroom to play "the game." Once in the bedroom,
> Freeman would remove all of the girls' clothing and put his penis in their vagina
> or anus. Nata.F. indicated that she was seven or eight when the abuse occurred
> and that it happened five to ten times. Nati.F. testified that Freeman put his penis
> in her buttocks on three occasions. Murray and her daughters reported the matter
> to the police.[8]

In the instant petition executed on January 23, 2012, Freeman contends he is entitled to

relief on the following grounds:

> 1.Did state court unreasonably apply the law and make an unreasonable
> determination of the facts in denying petitioner's claims that his counsel was
> ineffective for failing to timely object to petitioner wearing a prison jumpsuit
> during the entire jury trial causing the issue to be waived on direct appeal?
>
> 2. Did state court unreasonably apply the law and make an unreasonable
> determination of the facts in denying petitioner a mistrial sua sponte due to
> manifest necessity after petitioner objected to wearing a prison jump suit during
> the entire jury trial and appellate counsel was ineffective for failing to raise this
> claim on appeal?
>
> 3. Did state court unreasonably apply the law and make an unreasonable
> determination of the facts in denying petitioner's claims that his counsel was
> ineffective for picking a jury without petitioner present since appellant never
> refused to come to jury selection?
>
> 4. Did state court unreasonably apply the law and make an unreasonable
> determination of the facts in denying petitioner's claims that his counsel was
> ineffective for and the trial court erred in failing to inform petitioner that he could

---

[6] Id. at pp.314-315.
[7] See: Petition at ¶12(c).
[8] See: Answer at pp.112-113.

have represented himself since if he had that option he would have availed himself of same? Moreover was appellate counsel ineffective for failing to raise this claim?

5. Did state court unreasonably apply the law and make an unreasonable determination of the facts in denying petitioner's claims that his counsel was ineffective for failing to request a judgment of acquittal or raise a sufficiency of the evidence or weight of the evidence claim regarding the indecent assault conviction since the alleged crimes occurred between May-July 27, 2000 [and] petitioner didn't turn 18 until 7/9/2000 and there was no evidence to prove that the alleged crime occurred between 7/9/00 and 7/27/00 (the relevant time period when petitioner could be considered an adult and convicted in criminal court)? was appellate counsel ineffective for failing to raise the sufficiency of the evidence claim on appeal when trial judge stated in her opinion to the Superior Court that the defendant was born on July 9, 1982 and therefore did not turn 18 until July 9, 2000. Therefore, in order to be "eligible" to be charged in adult court, any offenses would have had to have taken place after the time of his 18th birthday, July 9, 2000?[9]

The Commonwealth concedes that the instant petition is timely.[10]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[9] Id at ¶13. The petitioner raises each of this claims as violations of Strickland v. Washington, 466 U.S. 668 (1984).
[10] See: Answer at p.11.

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

The Commonwealth concedes that the petitioner has raised the issues he raises here in the state courts but contends that the allegations of trial court error were not raised as federal matters, a predicate to seeking relief here. <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004).[11] Specifically in this regard the Commonwealth cites to the petitioner's second issue which challenges the trial court's failure to sua sponte grant a mistrial due to the petitioner's appearance in prison clothes. The remainder of the petitioner's issues concern the alleged ineffectiveness of counsel the standards for which are the same in the Pennsylvania and federal courts. <u>Commonwealth v. Pierce</u>, 527 A.2d 973 (Pa. 1987).

The alleged failure of the trial court to sua sponte grant a mistrial was raised at the second issue in Freeman's post-conviction petition. In raising this issue in the Superior Court the petitioner relied on Pa.R.Crim.P. 605 as well as Pennsylvania case law.[12] Accordingly, it is not properly before this Court.

The remainder of petitioner's claims are layered issues concerning the alleged ineffectiveness of counsel. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000). Second, under <u>Strickland</u>, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. The <u>Strickland</u> test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. <u>See</u> <u>Strickland</u>, 466 U.S. at 687; <u>Rainey v. Varner</u>, 603 F.3d 189,197 (3d Cir.2010). As a

---

[11] See: Answer at p.17.
[12] See: answer at pp.239-240.

6

result, if a petitioner fails on either prong, he loses. <u>Rolan v. Vaughn</u>, 445 F.3d 671 (3d Cir.2006).

In <u>Estelle v. Williams</u>, 426 U.S. 954 (1976), the Court held that except in limited circumstances compelling a defendant to appear at trial in prison attire violated due process or equal protection:

> although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation (426 U.S. at 512-513).[13]

Thus, the issue becomes one of compulsion. Acknowledging this standard on March 2, 2010 the post-conviction court wrote:

> At trial, the Defendant appeared in court in his prison garb. The Defendant made no objections to his clothing until the trial was nearing its end…
>
> The Court: Well, Mr. Freeman, your attorney had told me that you had on your prison browns prior to the beginning of the trial. She said that she had talked with you about it, and you said that was all you had. I mean, your family was here and available. There was no further request. So – however, I will give the jury a cautionary instruction that they are not to infer anything from your clothing as to guilt or innocence in this trial (TT. p.148)…
>
> As noted above, the Defendant was not *denied* civilian clothing or in any way *forced* to appear at trial in his prison jumpsuit. He could have obtained civilian clothing through his family, who was present, or through his attorney. His failure to do so does not now require a reversal of his conviction. See [Commonwealth v.] Neal [563 A.2d 1236 (Pa.Super.1989)]. Moreover, he has failed to establish any prejudice resulting from his appearance in prison clothing, given his acquittal on the most serious charges of Rape and IDSI. Certainly had the jury been so overcome with bias by his appearance in a prison jumpsuit, they would not have been able to find him not guilty of the top counts of the Information. Inasmuch as this claim is meritless, trial counsel was not ineffective for failing to timely object before she eventually did so near the end of trial and appellate counsel was not ineffective for failing to raise this issue on direct appeal (emphasis in original).[14]

As promised, in its jury instructions the court cautioned the jury "James Freeman was wearing a brown uniform. There was also testimony about – that the defendant was confined. You are to draw no inference from this fact whatsoever. You must decide if the

---

[13] Williams' request for civilian clothing for purposes of trial had been rejected.
[14] See: Answer at pp.216-217.

defendant is guilty or not guilty [based] on the evidence that you heard in this case alone" (TT.211). In addition, appended to the post-conviction petition was the certification of counsel that he:

> spoke personally with Trial Counsel Michelle Collins on 5/29/09 and she informed me that, in regard to Issue No.1, "Defendant was happy to proceed in his prison uniform. I think that his rationale was that it might garner him some sympathy from the jurors."[15]

In <u>United States v. Upia-Frias</u>, 2011 WL 1350753 (C.A.3(Virgin Islands) **3-4 the Court wrote:

> A defendant who is compelled to appear in front of a jury in prison clothes may not be able to thereafter obtain a fair trial by a jury free of the taint of associating the defendant with being a prisoner…
>
> However, it is clear that this issue was not raised until after the jury had been selected and the first day of testimony concluded. "[A] defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error."(citing cases)… Thus, even if we assume that this defendant had no other clothes to wear during jury selection or the first day of trial, and even if we further assume that the prison clothes he appeared in were readily identifiable as prison clothing, it is too late to attempt to raise that to the level of a due process claim.

In the instant case, there was no formal objection to the petitioner's appearance in prison browns until the second day of trial; the trial court concluded that the petitioner had voluntarily waived his right not to appear so clothed and post-conviction counsel represented that trial counsel had concluded that the petitioner might have believed that appearing so clothed could work to his advantage. Additionally, as observed by the state courts, despite being so dressed the petitioner was acquitted by that same jury on the more serious felony charges and only convicted of a first degree misdemeanor, 18 Pa.C.S.A. §3126§§A7. Thus, there is no basis for disturbing the presumption of correctness which attaches to the findings of the trial court. 28 U.S.C.(e)(1).

As a result of these findings, the petitioner has failed to make any showing that a different result might have been achieved if indeed counsel had raised the issue earlier in the proceedings. Rather, the strategy of not objecting seemed to work directly in the petitioner's favor. For this reason counsel cannot be deemed to have been ineffective.

---

[15] See: Answer at p.167.

The petitioner through counsel moved for a mistrial as a result of his appearing in prison dress and that motion was denied (TT.148-153). Rule 605 Pa.R.Crim.P. provides that other than when a contemporary objection is made, the trial court may only declare a mistrial "for reasons of manifest necessity." Thus, as a matter of state law, this claim is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011). In addition, for the reasons discussed above neither the trial court nor trial counsel violated any of the petitioner's federally assured rights. Thus, this claim does not provide a basis for relief.

The next issue which the petitioner seeks to raise is that counsel was ineffective for permitting the jury selection to occur without the petitioner being present. Specifically, prior to the commencement of jury selection, the petitioner was apparently having a conflict with his attorney as to whether to proceed with a jury trial or a bench trial and wanted to speak to the court about that matter. When counsel apparently informed him that the matter could be raised after jury selection and that they should continue with the selection process, in the presence of a deputy sheriff, the petitioner said "if that is the case then I don't want to go in and pick the jury" (TT.153). Accordingly jury selection occurred in his absence. In addition, prior to submitting the matter to the jury the trial court informed the petitioner of his right to proceed with a bench trial (TT.149-150).

Trial by jury is assured by the Sixth Amendment. Taylor v. Louisiana, 419 U.S. 522 (1975). And, a defendant is entitled to be present at all critical stages of that process. Tennessee v. Lane, 541 U.,S. 509, 523 (2004). However, this right can be waived. Crosby v. United States, 506 U.S. 255, 261-263 (1993). See also: United States v. Alessandrello, 637 F.2d 131, 137-38 (3d Cir.1980).

When called upon to review this claim, the post-conviction court wrote:

> The [D]efendant refused to leave his cell for jury selection and so a jury was selected without him. There is no support on the record for the Defendant's 11th hour averment that he did not refuse to leave his cell, and there was no genuine issue of material fact on this point which would have required an evidentiary hearing or collateral relief. As such, counsel was not ineffective for failing to raise this claim on direct appeal.[16]

This factual determination is likewise entitled to a presumption of correctness. 28 U.S.C. §2254(e)(1). There is nothing in the record to in any way overcome this presumption and the

---

[16] See: Answer at p.219.

determination demonstrates that the petitioner voluntarily waived his right to be present during jury selection. For this reason, counsel cannot be deemed deficient for failing to raise this issue and the claim does not provide a basis for relief.

Petitioner's next argument is that counsel was ineffective for failing to inform him of his right to self-representation. In <u>Edwards v. Arizona</u>, 451 U.S. 477,482 (1981), the Court held,

> It is reasonably clear under our cases that waivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case "upon the particular facts, and circumstances surrounding that case, including the background, experience, and conduct of the accused." (citing cases).

In reviewing this claim, the trial court wrote:

> Defendant argues that trial counsel was ineffective in failing to advise him that he could represent himself. Inasmuch as the record reflects that the Defendant sought a continuance of the trial for the purpose of retaining [new counsel] (which did not actually come to fruition as [proposed new counsel] never entered her appearance), there is no support for his current averment that he wished to represent himself and would have done so had he known of the possibility. This claim is meritless.

Any attempt to waive the right to counsel must be clear and unequivocal. <u>Faretta v. California</u>, 422 U.S. 806, 835 (1975). The presumptively correct findings of the state court are clearly supported by the record and the petitioner has not directed us to any part of the record where he set forth his desire to waive counsel. Contrary to his assertions, counsel for the petitioner did represent to the court in a pretrial meeting that "when I spoke to him on the 13th he indicated there was a chance he might represent himself" (TT.8). There is no other mention of the petitioner seeking to represent himself, let alone a clear and unequivocal demonstration that he desired to proceed in that manner.

Although there is a vague demonstration that the petitioner was aware of his right of self-representation and even might have desired to represent himself, he never pursued this matter, and counsel cannot be deemed ineffective for failing to raise the issue.

The final issue which the petitioner seeks to raise here is that counsel was deficient in failing to raise the claim that there was no evidence presented demonstrating that the petitioner committed any of the charged offenses after the time he reached the age of legal majority, and that for this reason any prosecution should have taken place in juvenile court. This argument is meritless.

First, as a matter of state law, the issue of juvenile versus adult prosecution is a matter solely subject to interpretation of state law and not properly before this Court for adjudication. <u>Swarthout v. Cooke</u>, <u>supra.</u> However, equally importantly is the fact that the petitioner has misconstrued the applicable state law provisions. As the Superior Court wrote the crime of indecent assault on which the petitioner was convicted provides:

> A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if…
> (7) the complainant is less than 13 years of age… (Answer p.299-300).

18 Pa.C.S.A. §3126(a)(7). The statute makes no reference to the age of the actor, and in fact the requirement of the prior statute that the actor be at least 18 years of age was removed by the legislature (Answer p.300). Thus, this claim likewise is meritless and counsel cannot be deemed ineffective for failing to raise a meritless argument. <u>Real v. Shannon</u>, 600 F.3d 302 (3d Cir.2010).

Where as here, a petitioner contends that the evidence was insufficient to sustain his conviction. The test in gauging this claim is whether in light of the evidence presented any rational fact-finder could determine guilty beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). As applied here, the petitioner was convicted of the indecent assault of Natia Freeman who was eleven at the time of trial (TT.58). Natia testified that the petitioner "stuck his private part into my butt" (TT.62,67,68,76), For this reason the testimony, if believed permitted the fact-finder to determine guilt beyond a reasonable doubt and counsel cannot be deemed ineffective for failing to raise a meritless argument. <u>Real v. Shannon</u>, <u>supra.</u>

Thus, the petitioner has failed to demonstrate that his conviction and sentence was secured in a manner contrary to clearly established federal law or involved and unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and he is not entitled to relief here. Accordingly, it is recommended that his petition for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: April 16, 2012                    United States Magistrate Judge